EASTERN DIST.
*June*, 1835.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

MARIE LOUISE, f. w. c. *vs.* MAROT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the evidence does not legally authorise the verdict of the jury, although it may have in reality been based on the intentions of the parties, it will be set aside, and the cause remanded for a new trial.

In every thing relating to the contract of donation, the acceptor of the donee, who is a minor, is *functus officio*, when he has accepted; and no written or explanatory act, made by him afterwards, will have any effect, in relation to the right of the donee.

The Supreme Court will exercise the general power granted by law, and remand a cause for a trial *de novo*, when in its opinion justice requires it.

It is a general rule in remanding a cause, that the court should be influenced alone by the pleadings, documents and evidence in the record; but in an action claiming the release of a person from slavery to liberty, every thing which may properly be done in *favorem libertatis* should be done, even to notice facts *de hors* the record.

This is an action by the plaintiff, claiming the emancipation of her daughter, a mulattress aged twenty years, *a statu libera.*

The petitioner alleges, that her daughter, Josephine, while a slave, belonging to Jean Mornay, was by him made a donation to Marie Susette Emelie Marot, the minor daughter of Toussaint Marot, who accepted the donation for his child, and was bound to emancipate Josephine, when she arrived at the age of twenty years. She alleges that the donee, who is now the wife of Lalande Ferriere, and her husband, have imprisoned Josephine, and refuse to emancipate her: she prays that a decree be rendered, requiring Ferriere and wife to have her said daughter emancipated as soon as possible, and that she be forthwith released from imprisonment.

The defendants aver, that Josephine was given to one of them while a minor, on condition that she was to remain a slave until she was thirty years of age, when she was to be emancipated. They further aver, that they are entitled to

Eastern Dist.
June, 1835.

MARIE LOUISE,
f w. c.
vs.
MAROT ET AL.

her services until that period, and had a right to arrest and imprison her as a runaway.

The testimony shows that Jean Mornay made a donation of Josephine, when about two years of age, to the minor daughter of Toussaint Marot, then about the same age, by public act dated the 26th February, 1816, on condition that she should be emancipated at the age of thirty years; the father signing the act and accepting the donation for his daughter.

On the first of March following, Marot, the father of the donee, executed a private act before two witnesses, in which he declares it was the intention of the donor, that Josephine should be emancipated, as soon as she was twenty years of age. These are his words used in the declaratory act: "*Je ne me suis obligé pour ma fille qu'affranchir conformément aux lois de cet Etat, ladite Joséphine que lorsqu'elle aura trente ans; néanmoins la vérité est que l'intention du donateur est que ladite Joséphine soit affranchie aussitôt qu'elle aura vingt ans. En conséquence j'oblige ma dite fille par la présente à se conformer aux désirs de son grand père en considérant ladite Joséphine libre dès qu'elle aura vingt ans,*" etc.

These two acts were given in evidence to the jury. The defendants' counsel objected to the reading of the second one, on the ground that it was not binding on the defendant and donee of the slave, as her title was complete, by the public act passed before this one, and that no act of her father could divest her of her lawful right, without the formalities of law. The judge overruled the objection, and admitted the paper as part of the *res gesta*; and also to show that the intention of the donor was, that Josephine should be free as soon as the law would allow. The decision of the court was excepted to.

The judge charged the jury, that if they were of opinion, it was the intention of the donor, that Josephine should obtain her freedom when she came of age, and the law would allow it, they should find for the plaintiff; but if they believed the donor did not intend that she should be set free until she was thirty years of age, they ought to find a verdict

EASTERN DIST.
June, 1835.

MARIE LOUISE,
f. w. c.
vs.
MAROT ET AL.

for the defendants; and also that the law was in favor of liberty, and if there was any reasonable doubt about the intention of the donor, as expressed in the act of donation, that doubt should be construed in favor of the plaintiff. The charge was excepted to by the defendants' counsel.

The jury returned a verdict for the plaintiff, and judgment was rendered thereon, that Josephine be set free, provided, the consent of the civil authorities can be obtained, and that she remain in the service of the defendants until then, &c.

The defendants appealed.

*Canon,* for the plaintiff, contended, that the established rule in expounding contracts is, that greater force is to be given to the intentions of the parties, than to the mere words in which the contract is expressed. *Law* 219, *de verb. sign. Domat, liv.* 1, *title* 1, *section* 2, *article* 13. *Louisiana Code,* 1940.

2. The intentions of the parties in this case, it is clear, were, that Josephine should be emancipated when she became of age. This is expressed in the declaratory act of the father, who accepted the donation for his minor daughter.

3. The contract of donation is gratuitous: "*un contrat de bienfesance;*" and a gift should be received with gratitude. The intentions should govern in all contracts, and may be proved by circumstances *de hors* the instrument; and with greater force should they prevail in a contract of donation.

The judgment should be amended in favor of the plaintiff, so that Josephine be permitted to stay with her mother until she be emancipated.

*J. Seghers, contra.*

1. The charge of the judge to the jury was clearly erroneous, as the authentic act is positive and binding in this case.

2. The donation being made to a minor, and accepted by her father as tutor, by notarial act, duly recorded, the right of ownership of the donee, became absolute; and no act of the father, either as tutor or relative, could divest her right

EASTERN DIST.
June, 1835.

thus acquired.   *Civil Code, page* 220, *ante* 52, 57.   *Ibid.*, page 222, *articles* 62, 63.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

*Mathews, J.,* delivered the opinion of the court.

In this case the immediate emancipation of a mulatto girl about twenty years old, *a statu libera*, is claimed from the defendants, who hold her in slavery.   The cause was submitted to a jury in the court below, who found a verdict in favor of the plaintiff, and judgment being thereon rendered, the defendants appealed.

The claim of immediate liberty on the part of the mulattress, in the present instance, is based on two acts introduced in evidence in support of the action : on a donation made in due form of law, by J. Mornay, the owner of the girl, on the 26th February, 1816, to the defendant M. S. E. Marot, who was then a minor, and accepted by the agency of her father.   This donation was made on the express condition that the donee should liberate the slave when she should attain the age of thirty years.   Some days after this act, on the 11th of March of the same year, the father, who had assisted his minor child in its acceptance, made a declaration in writing, in a private act, attested by the two witnesses who had signed the notarial act of donation, stating that the intention of the parties to that deed was, that the slave given should be liberated at the age of twenty years, and not thirty, as expressed in the donation.   These acts were given in evidence to the jury, and from the verdict which they found, it would seem that more credit was given by them to the last act, than the first.   Their verdict may, in reality, be based on the true intention of the parties; but the evidence did not, in our opinion, legally authorise them to come to this conclusion. The simple declaration of the father, who had accepted the donation for his daughter, without the consent and acquiscence of the donor, expressly given and contained in the written instrument, which purports to be explanatory of the intentions of the parties to the donation, cannot affect the rights acquired by the donee.   In every thing relating to the contract of donation, the acceptor, on her part, was *functus*

*Where the evidence does not legally authorise the verdict of the jury, although it may have in reality been based on the intentions of the parties, it will be set aside and the cause remanded for a new trial.*

*In every thing relating to the contract of donation, the acceptor of the donee, who is a minor, is functus officio, when he has ac-*

*officio*, and by himself could do no acts prejudicial to her interest. It is really painful, in applying rules of law to a case, to be obliged to violate sentiments and feelings of humanity: but this pain is sometimes felt by judges in the settlement of conflicting rights between suitors.

Yet, although in the present instance, a sense of duty will not allow us to acquiesce in the verdict and judgment of the court below, we do not consider ourselves bound to leave the wretched victim of present affliction without hope.

The case is peculiar in its nature—a claim for liberty! And, although generally considered, such claims, in a government where slavery is tolerated, ought not to be particularly favored when brought in opposition to the rights of property; yet the facts disclosed in the present instance have convinced us that it is a case in which we ought to exercise the general power granted by law to remand causes for a trial *de novo*, whenever justice, in our opinion, requires such a proceeding. It is, perhaps, true, as a general rule, that the Supreme Court, in the exercise of this power, should be influenced alone by the pleadings, documents, and evidence found in the record; whether these things, as exhibited in the present case, would authorise us to remand, may be doubtful: but it is an action brought to redeem a helpless female from slavery; and every thing which may properly be done in *favorum libertatis*, should be done, even to notice facts *de hors* the record.

It was stated at the bar, and not denied, that the person now claiming her immediate emancipation, was taken by her owners to France, a country whose institutions do not tolerate slavery or involuntary servitude in any manner, and was placed by them under the direction of a hair-dresser, to learn his art. Did she not become free in France? Being brought from a foreign country into the United States, is she not free, according to the provisions of laws enacted by Congress? These are questions which we will not now solve; but we deem it proper to remand the cause, in order that they may be put in a train for solution.

EASTERN DIST.
June, 1835.

MARIE LOUISE,
f. w. c.
*vs.*
MAROT ET AL.

cepted; and no written or explanatory act, made by him afterwards will have any effect, in relation to the rights of the donee.

The Supreme Court will exercise the general power granted by law, and remand a cause for a trial *de novo*, when in its opinion justice requires it.

It is a general rule in remanding a cause, that the court should be influenced alone by the pleadings, documents and evidence in the record; but in an action claiming the release of a person from slavery to liberty, every thing which may properly be done in *favorem libertatis*, should be done, even to notice facts *de hors* the record.

EASTERN DIST.
June, 1835.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict of the jury set aside. And it is further ordered, adjudged and decreed, that the cause be remanded to said court, to be tried *de novo;* the appellee to pay the costs of this appeal.